**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin L. HOFFMAN,
Defendant–Appellant.**

**No. 87–1658.**

United States Court of Appeals,
Tenth Circuit.

June 12, 1989.

Rehearing Denied July 7, 1989.

---

Kevin L. Hoffman, Sandstone, Minn., pro se.

Brent D. Ward, U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before LOGAN, BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

A jury convicted Kevin L. Hoffman on Count 1 of conspiracy (21 U.S.C. § 846) and on Count 36 of aiding and abetting Scott Nichols to travel from Utah to California on May 16, 1986, in aid of an unlawful activity, namely, to obtain cocaine from Hoffman in California and, thereafter, bring the cocaine to Utah for distribution (18 U.S.C. § 1952 and 18 U.S.C. § 2).[1] Hoffman was sentenced to seven years of imprisonment on the conspiracy conviction. On the remaining count, Hoffman was placed on probation for five years to commence after he had served his seven-year sentence. Hoffman now appeals his two convictions and the sentences imposed thereon. We affirm.

Appellant's briefs in this court were apparently written by himself. His first argument would appear to be that his conviction on Count 36 should be reversed because of a defect related to Count 35.

Count 35 charged Scott Nichols with interstate travel from Utah to California on May 16, 1986, in aid of an unlawful activity involving the acquisition of cocaine by him from Hoffman, in violation of 18 U.S.C. § 1952. As previously indicated, in Count 36 Hoffman was charged with aiding and abetting Scott Nichols in his interstate travel and unlawful activity addressed in Count 35. Evidence adduced at trial established that on May 16, 1986, Nichols traveled from Utah to California where he obtained a quantity of cocaine from Hoffman which Nichols brought back to Utah for distribution.

Hoffman argues that the prosecutor in proceedings before the Grand Jury failed, through oversight or otherwise, to mention "Count 35" in his summary to the Grand Jury. Accordingly, he argues that Count 35, which was ultimately returned by the Grand Jury, was fatally flawed. At trial this argument was not advanced by either Nichols or Hoffman. For a variety of reasons it is doubtful that Hoffman has standing to argue the matter here. *See United States v. Mitchell,* 783 F.2d 971, 975 (10th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986); *see also United States v. Troutman,* 814 F.2d 1428, 1444 (10th Cir.1987).

Be that as it may, the transcript of the Grand Jury proceedings reveals that there was reference to Nichols' travel from Utah to California on May 16, 1986, for the purpose of meeting Hoffman, where Nichols obtained two kilograms of cocaine from Hoffman in exchange for $54,000 in cash. The fact that "Count 35" was not mentioned by number in comment by the prosecutor to the Grand Jury is not fatal. The important thing is that there was matter before the Grand Jury which supports Count 35 in the indictment returned by the Grand Jury. We perceive no flaw in Count 35 which would inure to the benefit of either Nichols or Hoffman.[2]

---

1. The same jury also convicted Scott Nichols, Ronnie Bouck, Corey Day, Paul Hunt, and David Palomino of various drug violations. Each has his own separate appeal, which will be handled by separate opinions, though there is overlap between opinions.

2. In *Bank of Nova Scotia v. United States,* —— U.S. ——, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988), the Supreme Court held that a district court may not dismiss an indictment on the basis of errors in grand jury proceedings, absent a finding that a defendant has been prejudiced

Hoffman's second ground for reversal ties into the preceding point. The conspiracy charge in Count 1, by reference, identified Counts 35 and 36 as being overt acts in support of the conspiracy. Without objection, the district court, relying on *United States v. King*, 521 F.2d 61 (10th Cir.1975), instructed the jury that in order to convict a defendant on the conspiracy charge the government had the burden of establishing at least one overt act in furtherance of the conviction.[3] Hoffman argues, relying on his earlier argument, that since Count 35 was flawed, his conviction on Count 36 must be reversed, and thus the overt act relied on by the prosecution to establish a conspiracy is itself fatally flawed. This argument necessarily falls with our determination that there is no defect in Count 35.

Hoffman's final ground for reversal is that he was denied his right to the effective assistance of counsel at trial. He asserts that his appointed counsel informed him, but not the court, that he was more versed in civil law than criminal law, and infers that his appointed counsel was derelict in not advancing in the district court the matters urged by him in this court. These same matters we have now rejected as being without merit. Accordingly, in light of all the circumstances, counsel's performance was not outside the range of professionally competent counsel. *United States v. Mitchell*, 783 F.2d 971, 978 (10th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Judgment affirmed.

by such misconduct. Adopting the standard enunciated in *United States v. Mechanik*, 475 U.S. 66, 78, 106 S.Ct. 938, 946, 89 L.Ed.2d 50 (1986), the court concluded that the "dismissal of an indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict

was free from the substantial influence of such violations."

**3.** *United States v. Savaiano*, 843 F.2d 1280, 1294 (10th Cir.), *cert. denied sub nom. Crummey v. United States*, —— U.S. ——, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988), overrules *United States v. King* as concerns the necessity of proof of one overt act in a drug conspiracy charge.