930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin L. HOFFMAN, Defendant-Appellant.
 No. 90-4136.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In 1987, Mr. Hoffman was convicted by a jury of conspiracy to distribute cocaine (21 U.S.C. Sec. 841 and Sec. 846) and aiding and abetting an interstate travel or transportation in aid of racketeering enterprise (18 U.S.C. Sec. 2 and Sec. 1952). Mr. Hoffman appealed these convictions and we affirmed. See United States v. Hoffman, 877 F.2d 831 (10th Cir.1989).
 
 
 3
 In November 1989, Mr. Hoffman filed a motion pursuant to Fed.R.Crim.P. 35(a) and (b) for correction of an illegal sentence. The district court denied this motion and Mr. Hoffman appeals pro se.
 
 
 4
 At the original sentencing hearing in April 1987, Mr. Hoffman's counsel made objection regarding certain specified inaccuracies in the presentence report. Specifically, the accuracy of the following were challenged: The mention of the presence of cocaine in the report of a previous arrest; a statement referring to Mr. Hoffman as a major supplier; and statements linking Mr. Hoffman to certain quantities of cocaine involved in the conspiracy. The court then heard statements by Mr. Hoffman and the United States and without comment sentenced Mr. Hoffman to seven years on the conspiracy charge and five years probation on the aiding and abetting charge. This was not raised during the direct appeal and the United States makes no complaint concerning Mr. Hoffman's failure to raise this issue.
 
 
 5
 Federal R.Crim.P. 32(c)(3)(D) provides that if the factual accuracy of a presentence report is challenged by a defendant or his counsel the district court must either make a finding as to the allegation or make a determination that no such finding is necessary as the controverted matter will not be taken into account by the sentencing court. This was not done in the case before us nor were any findings attached as required by the rule. Moreover, both parties agree the requirements of the rule were not followed. See, Appellant's Brief at 5-6; Appellee's Brief at 2-3.
 
 
 6
 Where a sentencing court fails to make either a finding concerning a disputed fact or a statement that it was not relying upon these facts, the case must be remanded. United States v. Alvarado, 909 F.2d 1443, 1444-45 (10th Cir.1990). While the failure of the sentencing court to comply with the requirements of Rule 32 requires a remand, not every violation requires resentencing. United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988) (sentence need not be vacated where Rule 32(c)(3)(D) violation only concerns district court's failure to perform ministerial task of attaching proper record to presentence report). However, in the instant case it does not appear from the record that the sentencing court used the sentencing hearing as an opportunity to check accuracy or correct possible misinformation that could have been relevant in determining the length of Mr. Hoffman's sentence.
 
 
 7
 We therefore VACATE the sentence and REMAND to the district court for the purpose of resentencing Mr. Hoffman.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3