**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darren THOMAS, Defendant–Appellant.**

No. 90–5084.

United States Court of Appeals,
Tenth Circuit.

Sept. 11, 1991.

Certiorari Denied Nov. 4, 1991.
See 112 S.Ct. 404.

James L. Swartz, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him, on the brief), Tulsa, Okl., for plaintiff-appellee.

Charles Whitman, Tulsa, Okl., for defendant-appellant.

Before SEYMOUR, MOORE and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Darren Thomas and five others were charged with conspiring with each other, and others, from August 1, 1988, to July 20, 1989, in Tulsa, Oklahoma, in violation of 21 U.S.C. § 846 as follows: (1) to knowingly and intentionally distribute a mixture or substance which contained cocaine base, a Schedule II controlled substance, in an amount in excess of fifty grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); and (2) to knowingly and intentionally possess with an intent to distribute cocaine in an amount in excess of five hundred grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

The other defendants were jointly tried prior to the trial of Darren Thomas, who apparently had not been taken into custody at the time the others were tried. Four of the other five defendants were convicted, and one was acquitted. The four who were convicted appealed their convictions and sentences, and opinions in those cases have been filed contemporaneously with the filing of the instant opinion.

Some three months after the trial of the other defendants, Darren Thomas was tried. The jury convicted Thomas of conspiring to knowingly and intentionally distribute in excess of fifty grams of a mixture or substance which contained cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Thomas was sentenced under the Sentencing Guidelines to imprisonment for 360 months. He now appeals his conviction and sentence.

In view of the nature of the issues raised on appeal, it is unnecessary to recount in any detail the evidence adduced at trial. It is sufficient to note that one Willie Junior Louis testified that he left his apartment in Tulsa, Oklahoma in charge of a girlfriend when he made a trip to Oklahoma City in March, 1989. Louis went on to testify that on his return he found the defendants, including Thomas, ensconced in his apartment, and that for the ensuing five or six weeks they conducted a "crack cocaine" operation out of his apartment. He described how they cut up rock cocaine with a razor blade, sold it directly to customers who came to the door, and gave it to "runners" who then sold it on the street to passing motorists. Louis further testified that these "runners" later returned with the money received from the sales made. In addition, Louis testified that certain of the defendants were armed and that he was fearful for his life. Testimony of other government witnesses tended to corroborate Louis' testimony. Thomas testified in his own behalf and stated that he had not conspired with anyone and denied ever being in Louis' apartment. As indicated, the jury convicted Thomas.

Kevin Rushing was a witness for the government, and in the course of his questioning admitted that he had a prior felony conviction but denied having a second conviction. Later, when presenting his evidence, counsel for Thomas, apparently for impeachment purposes, proposed to call to the witness stand a court clerk who could identify the official court record which showed that Rushing had indeed suffered a second conviction for embezzlement, second offense. At this juncture, government counsel agreed to stipulate that Rushing had a second felony conviction for embezzlement, second offense. The district court accepted the stipulation and admitted into

evidence an exhibit from Thomas' counsel showing Rushing's second conviction and the sentence he received in connection therewith.

On appeal, counsel argues that the district court erred in accepting the stipulation and that he should have been allowed to call a witness who could identify the court record of Rushing's second conviction. Such, according to counsel, would have made a greater impact on the jury than a mere stipulation. No pertinent authority is cited for this proposition.

Fed.R.Evid. 609(a) provides in pertinent part that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted *if elicited from the witness or established by public record during cross-examination....*" (emphasis added). We note that during his cross-examination of Rushing, counsel for Thomas had every opportunity to impeach him by leading questions regarding his second conviction but failed to do so. Further, counsel was later allowed to introduce into evidence the official court record of Rushing's second conviction and the sentence imposed as a result thereof. Under such circumstances, we think that there was full compliance with Rule 609(a). In any event, Rule 609(a) rulings rest in the sound discretion of the trial court, and we find no abuse of that discretion. *United States v. Davis*, 929 F.2d 554, 558 (10th Cir.1991) (citing *United States v. Lamb*, 575 F.2d 1310, 1314 (10th Cir.1978), *cert. denied*, 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978)); *United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir.1991).

As his second ground for reversal, counsel argues that he was foreclosed from making closing argument. However, it is agreed that he *did* make closing argument and apparently his present complaint is that an objection was made by the prosecutor to certain of counsel's closing argument, which objection was sustained. Such, counsel maintains, foreclosed him from making the closing argument that he wished to make.

The record before us does not contain counsel's closing argument so we are unable to tell whether the objection was improperly sustained, and, if so, whether it made much difference. Counsel in his brief states that he was attempting to explain to the jury the importance of their function when the objection was made, and sustained. If this is the case, it would certainly appear to be innocuous.

During the course of their deliberations, the jury asked to rehear certain of the testimony of one of the government's witnesses. With no objection from either side, the district court granted this request and the taped testimony of Officer Witt was replayed to the jury. On appeal, counsel argues that such was reversible error. We disagree. This, too, is a matter resting in the sound discretion of the trial court, and we find no abuse of discretion here. *United States v. Keys*, 899 F.2d 983 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 160, 112 L.Ed.2d 125 (1990). In *Keys*, we held that permitting the testimony of two government witnesses to be read to the jury after deliberations had commenced did not unduly emphasize that testimony, and therefore, did not constitute abuse of discretion. *Id.* at 988. *See also, United States v. Brunetti*, 615 F.2d 899, 902 (10th Cir.1980); and *United States v. Tager*, 481 F.2d 97, 101 (10th Cir.1973), *cert. denied*, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974).

Thomas' final grounds for reversal is that the district court erred in allowing evidence of "other crimes" on the part of Thomas to be introduced into evidence. Counsel does not point out just what evidence of "other crimes" he believes was erroneously received into evidence. In such circumstance, we have no basis for review.*

Judgment affirmed.

---

* Unlike his co-defendants, Thomas makes no

claim that he was improperly sentenced under

the Sentencing Guidelines. Thomas' co-defendants were sentenced on February 14, 1990, and

Thomas was sentenced in a separate proceeding on April 19, 1990.