956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Ray SPENCER, Defendant-Appellant.
 No. 91-1098.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was convicted of bank robbery under 18 U.S.C. § 2113(a). He now appeals that conviction, raising three issues: (1) whether the district court erred in refusing to suppress the bank teller's in-court identification of Defendant; (2) whether the evidence was sufficient to support Defendant's conviction; and (3) whether the district court erred in refusing the jury's request to review a witness's trial testimony during deliberations. We affirm.
 
 
 3
 On September 20, 1990, Defendant entered the First National Bank of Southeast Denver, approached teller Michelle Mathis, told her she was being robbed and demanded that she give him all the money at her station. She put the money on the counter. Defendant instructed her not to move or activate any alarms until he left, so Mathis concentrated on his face while he gathered the money, and she sounded the alarm after she saw him leave the building. Mathis viewed Defendant at very close range for approximately one minute.
 
 
 4
 Pursuant to bank procedure, Mathis was immediately interviewed regarding the robbery and was asked form questions regarding the robber's physical description. Four days later, she was asked by the FBI to view a photo array for identification purposes, from which she chose Defendant's photo as the bank robber. She later identified Defendant at a motion hearing, and she testified about the previous in-court identification at trial.
 
 
 5
 The first of Defendant's three arguments on appeal is that the district court erred in denying his motion to suppress Mathis's in-court identification. In our review of the denial of Defendant's motion to suppress, we must " 'accept the trial court's findings of fact, unless clearly erroneous, and [we must] consider the evidence in the light most favorable to the government.' " United States v. Donnes, 947 F.2d 1430, 1432 (10th Cir.1991) (quoting United States v. McAlpine, 919 F.2d 1461, 1463 (10th Cir.1990)). "In the absence of findings by the district court, we must uphold the ruling 'if there is any reasonable view of the evidence to support it.' " Donnes, 947 F.2d at 1432 (quoting United States v. Morgan, 936 F.2d 1561, 1565 (10th Cir.1991)).
 
 
 6
 Defendant contends that two pre-trial identification procedure errors were committed and that the cumulative effect of those errors on Mathis's in-court identification was such that the in-court identification should have been suppressed. First, Defendant takes issue with the photographic array procedure in which Mathis identified Defendant's photo as that of the bank robber. Mathis, in a neutral presentation, was shown six pictures of similarly featured men. Prior to viewing, the FBI agent presenting the array informed Mathis that the bank robber's picture may not be included among the pictures she would be seeing. After she chose the Defendant's photo, she asked if she had selected the correct one and the agent told her he could not give her that information.
 
 
 7
 We examine identification procedures in two tiers. First, we review the identification procedures to determine whether they were impermissibly suggestive, and, if a procedure was so impermissibly suggestive as to give rise to substantial likelihood of misidentification, we must then determine whether, under the totality of the circumstances, the identification possesses sufficient aspects of reliability. Manson v. Brathwaite, 432 U.S. 98, 106 (1977) (citing Neil v. Biggers, 409 U.S. 188, 199-200 (1972)); Baca v. Sullivan, 821 F.2d 1480, 1482 (10th Cir.1987).
 
 
 8
 The factors to be considered [in determining reliability] include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
 
 
 9
 Manson, 432 U.S. at 114. We hold that the photo identification procedure in which Mathis identified Defendant's photo as the bank robber was not impermissibly suggestive.[1]
 
 
 10
 Defendant's second claim of error in the pre-trial identification procedures lies in the fact that Defendant was the only black man in the courtroom and was seated next to defense counsel when Mathis identified him. Although this procedure may have been suggestive, it was not impermissibly suggestive. United States v. Murdock, 928 F.2d 293, 297 (8th Cir.1991).[2] Mathis had previously identified a photo of Defendant, and her in-court identification of him was open to attack on cross-examination. Further, Defendant made no alternative seating requests or objections to the ethnic make-up of the courtroom. Even if we were to hold that the in-court identification was impermissibly suggestive, we hold that, under the totality of the circumstances, the identification was sufficiently reliable. Murdock, 928 F.2d at 297; Love v. Young, 781 F.2d 1307, 1311 (7th Cir.), cert. denied, 476 U.S. 1185 (1986).
 
 
 11
 In response to Defendant's claim of unreliable identification in the face of cumulative error, we have reviewed the evidence in light of the Biggers reliability factors: Mathis observed the Defendant at close range during the entire transaction; Mathis was particularly attentive so that she could remember his face; Mathis's initial description of Defendant's face and head, the area upon which she was concentrating her attention, was reasonably accurate; Mathis immediately rejected five of the six photos presented to her and chose the remaining photo, that of Defendant, stating that she was almost positive that he was the bank robber; and Mathis identified the photo of Defendant within four days of the robbery. We hold that, under the totality of the circumstances of this case, the in-court identification was sufficiently reliable. See Manson, 432 U.S. at 114; Biggers, 409 U.S. at 199; Reese v. Fulcomer, 946 F.2d 247, 262 (3rd Cir.1991) (finding pretrial identification procedures not impermissibly suggestive but applying Biggers "totality-of-the-circumstances" analysis to illustrate compelling circumstances of reliability), petition for cert. filed, (U.S. Jan. 13, 1992) (No. 91-7081); United States v. Williams, 605 F.2d 495, 498 (10th Cir.), cert. denied, 444 U.S. 932 (1979).
 
 
 12
 In conclusion, we hold that neither the photo identification procedure nor the ethnic make-up of the courtroom and Defendant's presence next to defense counsel were impermissibly suggestive. In addition, the cumulative effect of those procedures did not create a substantial likelihood of irreparable misidentification.
 
 
 13
 Defendant also argues that the evidence was insufficient to support his conviction. On appeal, we consider the direct and circumstantial evidence together with reasonable inferences to be drawn therefrom, in the light most favorable to the government, to determine if a reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). We have reviewed the evidence, and we hold that sufficient evidence was introduced to support the verdict.
 
 
 14
 Finally, Defendant argues that the district court erred in its refusal to grant the jury's request to review a witness's trial testimony after it had begun deliberating. We review this claim of error for abuse of discretion. United States v. Thomas, 945 F.2d 328, 330 (10th Cir.), cert. denied, 112 S.Ct. 404 (1991). The district court, in its denial of the jury's request, indicated that they should "proceed with ... deliberations based on [their] recollection of the testimony." R.Vol. IV at 339. Given the brevity of witness testimony in this trial and the delays possible if the request were granted, the district court did not abuse its discretion in requiring the jury to proceed with deliberations based on their recollection of testimony.[3]
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant contends that Mathis did not have a sufficient independent recollection of the bank robber to make a reliable identification because she viewed the bank surveillance videotape shortly after the crime and altered her description of the clothes the bank robber was wearing after seeing the tape. Mathis did not, however, alter her description of the robber's head and facial characteristics, where she concentrated her attention
 
 
 [2]
 Even if we were to hold that the ethnic make-up of the courtroom and Defendant's presence next to defense counsel were impermissibly suggestive, it would be harmless error because of the abundance of other evidence that Defendant committed the bank robbery. See United States v. Archibald, 734 F.2d 938, 943 (2nd Cir.), modified by 756 F.2d 223 (2nd Cir.1984); Boyd v. Henderson, 555 F.2d 56, 62 (2nd Cir.), cert. denied, 434 U.S. 927 (1977)
 
 
 [3]
 We note that this was not a lengthy trial; the evidence in this case was presented to the jury in one day. In addition, the district court observed that the jury's request for the witness's entire testimony, as opposed to only a portion, would involve significant preparation time. R.Vol. IV at 338