**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARREN THOMAS,

Defendant-Appellant.

No. 08-5043
(D.C. No. 4:89-CR-00091-HDC-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Appellant Darren Thomas, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) to

modify his sentence based on Amendment 706 to the United States Sentencing

Guidelines ("Guidelines" or "U.S.S.G."). We take jurisdiction under 28 U.S.C.

§ 1291 and reverse and remand.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

A jury convicted Mr. Thomas of conspiring to distribute in excess of fifty grams of cocaine base (crack cocaine). Four of his coconspirators were tried jointly and convicted prior to Mr. Thomas's trial. Mr. Thomas was sentenced to 360 months' imprisonment. His conviction and sentence were affirmed on appeal. *United States v. Thomas*, 945 F.2d 328 (10th Cir.), *cert. denied*, 502 U.S. 951 (1991). The district court denied Mr. Thomas's subsequent motion for postconviction relief, which was also affirmed on appeal. *United States v. Thomas*, No. 93-5157, 1994 WL 117456 (10th Cir. Apr. 8, 1994) (unpublished).

Mr. Thomas filed his motion for sentence reduction under § 3582(c)(2) based on Amendment 706 of the Guidelines. "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." *United States v. Sharkey*, No. 08-3115, ___ F.3d ___, 2008 WL 4482893, at *1 (10th Cir. Oct. 7, 2008).

The district court denied Mr. Thomas's motion to reduce his sentence on the ground that his "offense of conviction involved in excess of 7 kilograms of crack cocaine," and Amendment 706 did not change the base level for that amount of crack. R. Vol. I doc. 302.

Mr. Thomas appeals. He asserts that the district court attributed to him the total amount of crack for the entire conspiracy, seven kilograms, when in fact he

was sentenced on a much lower amount, 500 grams.[1]  It is undisputed that

Thomas's original sentence attributed to him 500 grams of crack, resulting in a

base level of 36.  With three two-level enhancements, his adjusted offense level

was 42.  He fell within criminal-history category I, which resulted in a Guidelines

range of 360 months to life.  He was sentenced to 360 months.  Under

Amendment 706, based on 500 grams of crack, his base level would be 34.

Adding the enhancements, his adjusted offense level would be 40, resulting in a

Guidelines range of 292 to 365 months.  Because it appears the district court

incorrectly attributed to Mr. Thomas the higher drug quantity, we reverse and

remand for reconsideration.

*Legal Standards and Analysis*

"We review de novo the district court's interpretation of a statute or the

sentencing guidelines."  *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.

1997) (quotation omitted).  "We review for an abuse of discretion a district

court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)."

*Sharkey*, 2008 WL 4482893, at *2.  We construe liberally pleadings filed by

pro se litigants.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Amendment 706 lowered the base offense level for drug offenses involving

crack cocaine.  *See* U.S.S.G. § 2D1.1(c) (2007); U.S.S.G. Supp. to App. C,

Amend. 706 (Nov. 1, 2007).  When, as here, a "motion for sentence reduction is

---

[1]      He did not challenge this amount on direct appeal.  *Thomas*, 945 F.2d 328.

not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (quotation and brackets omitted). As applicable to Mr. Thomas's situation, § 3582(c) allows the court to modify a sentence only if the sentencing range is subsequently lowered by the Sentencing Commission.

Mr. Thomas challenges the district court's attribution to him of seven kilograms of crack cocaine (the amount attributable to the entire conspiracy), notwithstanding that his sentence was based on 500 grams. When determining an appropriate sentence for a drug conspirator, the district court must "make particularized findings as to (1) the scope of the criminal activity [the defendant] agreed to undertake regarding the conspiracy, and (2) the total amount of drugs involved that were foreseeable to him." *United States v. Sells*, 477 F.3d 1226, 1242 (10th Cir. 2007); *accord United States v. Lauder*, 409 F.3d 1254, 1267 (10th Cir. 2005) (holding in conspiracy case, "government must prove the amount of drugs attributable to each defendant by a preponderance of the evidence").

Although the presentence report indicated that the conspiracy was responsible for seven kilograms of crack cocaine, the record does not reveal that the requisite findings were made that seven kilograms of crack cocaine were attributable to Mr. Thomas. Nor does the government argue that they were. Therefore, we conclude that the district court abused its discretion when it determined that Mr. Thomas's Guidelines range was not affected by

Amendment 706 on the ground that seven kilograms of crack cocaine were attributable to him.

We emphasize that the decision whether to grant a sentence reduction under Amendment 706 is a discretionary one. Because the district court appears to have based its decision on an incorrect, or at least unproved, crack-cocaine quantity, rather than on its discretion to deny the § 3582(c)(2) motion, we reverse the order denying the motion and remand for further proceedings. We express no opinion on whether Mr. Thomas is entitled to a discretionary sentence reduction.

The order denying Mr. Thomas's § 3582(c)(2) motion is REVERSED and the case is REMANDED to permit the district court to exercise its discretion consistent with this order and judgment.

Entered for the Court


Deanell Reece Tacha
Circuit Judge