**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

DARREN LAMAR HARRIS,

　　　　Defendant-Appellant.

No. 09-5051

(N.D. of Okla.)

(D.C. No.4:89-CR-00091-TCK-6)

## ORDER AND JUDGMENT[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Darren Lamar Harris, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) to

modify his sentence based on Amendment 706 to the United States Sentencing

Guidelines (Guidelines or USSG).  We exercise jurisdiction under 28 U.S.C.

§ 1291 and AFFIRM.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

# I. Background

A jury convicted Harris and several codefendants of conspiring to knowingly and intentionally distribute cocaine base (crack cocaine). In early 1990, the district court sentenced Harris to 360 months' imprisonment.

As a part of sentencing, the Presentence Investigation Report (PSR) found the conspiracy was responsible for the distribution of at least seven kilograms of crack cocaine, and the PSR held Harris responsible for this entire amount. According to the Drug Quantity Table effective at the time, the highest base offense level for offenses involving controlled substances, USSG § 2D1.1, was 36 for 500 grams or more of crack cocaine. Therefore, after two levels were added to Harris's base offense level for possession of a firearm in furtherance of the conspiracy and two more levels were added for obstruction of justice, Harris's offense level became 40. With his criminal history category of IV, his sentencing range was 360 months to life, and the district court sentenced Harris to 360 months' imprisonment.

On appeal, this court affirmed Harris's conviction but remanded for resentencing for various reasons. On remand, the district court made additional findings affecting drug quantities: in particular, that Harris was responsible for four kilograms of crack cocaine, given the amount of time that Harris was involved in the conspiracy. The district court concluded, however, that under USSG § 2D1.1, four kilograms of crack cocaine still resulted in a base offense

level of 36. With the additional increase of two levels for the possession of the firearm in furtherance of the conspiracy and two levels for obstruction of justice, Harris's total offense level remained 40, and his guideline range remained 360 months to life. The court again sentenced Harris to 360 months, which we affirmed on appeal. *United States v. Harris*, 984 F.2d 1095 (10th Cir. 1993).

In 2009, Harris filed a motion for reduction of sentence pursuant to § 3582(c)(2), based on the crack cocaine modification contained in Amendment 706 to the sentencing guidelines. "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008). The district court denied Harris's § 3582(c)(2) motion, however, because it concluded that even after Amendment 706, Harris's guideline level remained the same. The district court also denied Harris's request for a downward variance pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007).[1]

Harris consequently filed the instant appeal.

---

[1] Moreover, the district court denied Harris's motion seeking appointment of counsel to file his § 3582 motion.

## II. Analysis

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Sharkey*, 543 F.3d at 1238. Additionally, we construe liberally pleadings filed by pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 1. *Section 3582 Motion*

Where, as here, a motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the merits of the motion depend on 18 U.S.C. § 3582(c). *Smartt*, 129 F.3d at 540. But § 3582(c) allows the court to modify a sentence only if the sentencing range is subsequently lowered by the Sentencing Commission.

> Section 3582(c)(2) states that,
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Sharkey*, 543 F.3d at 1238–39. The Sentencing Commission's policy statement at Guideline § 1B1.10(a)(2)(B) dictates that a reduction of a defendant's sentence is not authorized under § 3582(c)(2) if the amended drug-quantity table "does not

have the effect of lowering the defendant's applicable guideline range." *Id.* at 1239.

And Amendment 706 had no effect on the guideline range under which Harris was sentenced, given the large quantity of crack cocaine attributed to Harris at his resentencing: four kilograms. Indeed, at Harris's resentencing, the district court found his base offense level to be 36. Under Amendment 706, Harris's base offense level remains 36. Amendment 706 also does not affect either of the two-level enhancements for possession of a firearm in furtherance of the conspiracy and obstruction of justice. With his category IV criminal history, Harris's guideline range remains 360 months to life. Accordingly, the district court properly denied Harris's motion for relief pursuant to § 3582(c)(2) because Amendment 706 did not lower his sentencing range. *See Sharkey*, 543 F.3d at 1238–39 (holding a reduction in defendant's sentence as a career offender was not authorized under § 3582(c)(2) because Amendment 706 did not lower his applicable guideline range).[2]

---

[2] Harris points out that two of his codefendants obtained resentencing pursuant to Amendment 706. *See United States v. Price*, 298 F. App'x 779 (10th Cir. 2008); *United States v. Thomas*, 297 F. App'x 817 (10th Cir. 2008). In those cases, we reversed the district court's denial of the defendants' § 3582(c)(2) motions because the court never found a specific drug quantity above 500 grams, and thus the amendments lowered those defendants' applicable guideline base offense levels from 36 to 34. *Price*, 298 F. App'x at 780–82; *Thomas*, 297 F. App'x at 818–19. In contrast, at Harris's' resentencing the district court explicitly found that he and another co-defendant were each responsible for four kilograms of crack cocaine, rather than simply a quantity "exceeding 500 grams"

(continued...)

## 2. *Variance*

Harris also sought a downward variance based on the sentencing disparity between powder and crack cocaine, citing *Kimbrough v. United States*, 552 U.S. 85 (2007), and the sentencing factors found in 18 U.S.C. § 3553(a).  But because Harris was ineligible for a sentence reduction under Amendment 706, the district court lacked discretionary authority to reduce his sentence.

A reduction of a sentence is not authorized by § 3582(c)(2) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range.  *See* USSG § 1B1.10(a)(2)(B); *see also Sharkey*, 543 F.3d at 1239 ("The district court did not resentence Sharkey and therefore had no occasion to consider the 18 U.S.C. § 3553(a) factors.").[3]  Moreover, *Kimbrough* does not provide a separate basis for relief under § 3582(c)(2).  *See Sharkey*, 543 F.3d at 1239 (explaining that we have previously rejected the argument that the *United States v. Booker*, 543 U.S. 220 (2005), line of cases provide a separate basis for relief under § 3582(c)(2)).  Finally, to the extent Harris is arguing for a

---

[2](...continued)
of crack cocaine.  The applicable sentencing guideline level given this quantity of crack cocaine has not changed.  Therefore, the district court properly denied Harris's § 3582(c)(2) motion.  We held the same for his codefendant.  *See United States v. Leroy*, 298 F. App'x 711 (2008).

[3]  Section 3582(c) allows the court to modify a sentence in three limited circumstances: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

reduction below the amended guideline range, we have rejected such an argument as well. *See United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009); *see also United States v. Pedraza*, 550 F.3d 1218 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2406 (2009).

*    *    *

For the forgoing reasons, we AFFIRM the judgment of the district court. We also GRANT the petition to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge