**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnnie Lamart COLBERT,
Defendant–Appellant.**

No. 89–6094.

United States Court of Appeals,
Tenth Circuit.

Jan. 29, 1990.

---

William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Robert E. Mydans, U.S. Atty. for W.D. Okl. (James F. Robinson, Asst. U.S. Atty., with him on the brief), for plaintiff-appellee.

Before McKAY and SETH, Circuit Judges, and CONWAY, District Judge.[1]

McKAY, Circuit Judge.

Defendant pled guilty to conspiracy to distribute cocaine base. The statutory penalty for that offense is a term of imprisonment which may not be less than ten years nor more than life. 21 U.S.C. §§ 846, 841(b)(1)(A)(iii). He was sentenced pursuant to the Sentencing Reform Act of 1984. Comprehensive Crime Control Act of 1984, Pub.L.No. 98–473 §§ 211–39, 98 Stat. 1837, 1987–2040 (1985) ("the guidelines"). The application of the guidelines produced a range of punishment from 235 to 293 months. The court sentenced him to 264 months, in the middle of the guidelines. The only issue defendant raises on appeal is whether the sentencing guidelines, as applied in this case, constitute cruel and unusual punishment in derogation of the eighth amendment.

The base sentence required by the guidelines for the amount of drugs involved is equivalent to the statutory minimum of ten years which Congress thinks appropriate for that amount of drugs. The balance of the defendant's sentence results from the application of additional factors related to the nature of the crime and defendant's criminal history. The court took into account that the "crack" defendant sold out of an apartment, along with two accomplices, involved as many as two to three hundred customers a day and that he carried a loaded gun. The court also considered the fact that the defendant was on probation from a state court conviction for participating in an armed robbery, and he had two prior felony convictions for property crimes.

The thrust of defendant's eighth amendment argument is based on the principle of disproportionality established in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The bulk of defendant's argument consists of a comparison of his sentence with sentences for other crimes under the guidelines, including murder, sexual abuse of a minor, kidnapping, and bank robbery. We do not find such comparisons persuasive. The base offense level for this crime is clearly not disproportionate to what Congress and other jurisdictions have indicated is appropriate for drug offenses. Starting from that basis, we cannot say that either the base offense level or the balance of the sentence which is based on the characteristics of the crime and the criminal history of the defendant (particularly the fact that this conduct occurred while he was on probation, demonstrating his lack of response to prior restraint) could remotely meet the standard required to invalidate sentencing under *Solem*.

We find the Supreme Court's decision in *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982), very persuasive, if not controlling, under these facts. In *Hutto*, the Supreme Court upheld a sentence of twenty years imprisonment for possession of nine ounces of marijuana with intent to

---

1. Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

distribute.[2] This holding was not disturbed by the later *Helm* decision. By comparison, defendant's sentence of twenty-two years for conspiracy to distribute crack does not appear disproportionate to the sentence upheld in *Hutto*. In addition, the recidivist component of defendant's sentence is much less harsh than the life sentence without parole for issuing a bad check found unconstitutional in *Helm*. Mr. Colbert's offense was significantly more serious while his sentence was much less severe.

Defendant also appears to be making an argument that Congress did not intend this sentence because he claims it is on average materially different from the actual times now spent in prison by similar offenders who have committed similar offenses. While such an argument might have had force at one time, the argument is much less persuasive now that Congress has amended the drug statutes to make them substantially more severe than they previously had been. *See* 21 U.S.C. §§ 841, 960 (1989).

The conviction and sentence are AFFIRMED.

2. This sentence was combined with a twenty-year sentence for actual distribution, resulting in a total sentence of forty years.