UNITED STATES of America,
Plaintiff–Appellee,

v.

Mario Tizoc ALVARADO,
Defendant–Appellant.

No. 89–2120.

United States Court of Appeals,
Tenth Circuit.

July 31, 1990.

Paul J. Kennedy, Albuquerque, N.M., for defendant-appellant.

Mary Higgins, Asst. U.S. Atty., (William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and LOGAN and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

This appeal arises out of defendant Mario Tizoc Alvarado's conviction of possession with intent to distribute of more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Alvarado pleaded guilty to the charge, pursuant to an agreement with the United States Attorney's office, and does not challenge the conviction. He does, however, challenge the court's determination of appropriate sentence.

Alvarado raises three challenges to his sentencing, that the district court (1) violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make express findings regarding the accuracy of disputed information in Alvarado's presentence report; (2) erred in refusing to allow him to inspect and refute inculpatory information produced for the court's in camera inspection pursuant to Alvarado's request under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (3) erred in increasing his offense level by two points based on Alvarado's role as an organizer, leader, manager, or supervisor.

I

The entire description of "offense conduct" in Alvarado's presentence report apparently is based on the report of a confidential informant. At his sentencing hearing, Alvarado was asked by the district court if he had any objections to the factual representations in the presentence report. At that time, Alvarado stated that, while he had no reason to doubt the accuracy of the presentence report's summary of the the informant's report, he objected to certain factual allegations made therein, to wit, "that he is the head of a trafficking organization responsible for the distribution of multi-kilogram amounts of heroin and cocaine in the Albuquerque, New Mexico area," and that "he was making other large-scale transactions in Amarillo, Texas and Arkansas." III R. 6–7.

██ Rule 32(c)(3)(D) requires that, when a defendant challenges information contained in the presentence report, the trial court must either (i) make a factual finding regarding the accuracy of the information, or (ii) expressly state that it is not relying on the disputed information. The essence of the defendant's challenge and the district court's findings must then be reduced to writing and appended to the defendant's presentence report, which will follow him through the corrections system. *United States v. Strayer,* 846 F.2d 1262, 1267 (10th Cir.1988). The district court, relying on material submitted for in camera re-

view, held that the presentence report constituted an accurate summary of the confidential informant's report, but did not make an express finding as to the accuracy of the information contained therein.

> "THE COURT: Okay. It will be my finding, based on material in the Pre–Sentence Report and on materials that I reviewed *in camera*, that the factual statements in the Pre–Sentence Report should be the factual findings of the Court and I will adopt them as the factual findings of the Court. Now—
>
> MR. KENNEDY: May I inquire, is the Court finding that this is what the confidential informant said?
>
> THE COURT: Yes, that's what I'm finding.
>
> MR. KENNEDY: All right. The Court is not finding necessarily that what he said was truthful?
>
> THE COURT: No. I'm finding that this is what is reported by the confidential informant."

III R. at 7–8.

Because the court neither expressly held that it would not rely on the disputed information, nor made a finding as to the accuracy of the information, it did not comply with Rule 32(c)(3)(D). The court's holding that the confidential informant's report was accurately summarized in the presentence report does not satisfy the requirements of the rule because the accuracy of the summary was not disputed by the defendant. The content, alone, was the subject of the defendant's challenge. III R. 5–6. In addition, the record does not reflect that the district court ever reduced its findings regarding the disputed material to written form and attached them to the presentence report as is required in Rule 32(c)(3)(D).

 To be excused from making a finding of accuracy, the court must expressly state that it did *not* rely on the information. *See United States v. Rone*, 743 F.2d 1169, 1175 (7th Cir.1984) ("[A]n implication which we must draw by reading between the lines scarcely seems to comport with the rule's requirement that the court squarely address the factual dispute."). Further, if the court does rely on the facts in dispute, without making a finding of accuracy, it violates the rule and commits error. To the extent that the Fourth Circuit case of *United States v. Hill*, 766 F.2d 856, 858–59 (4th Cir.1985), holds to the contrary, we decline to follow it.

Rule 32(c)(3)(D) findings may be less important due to the abolition of parole under the Sentencing Reform Act of 1984. But the presentence report still follows the prisoner through the correctional system and the disputed information may impact decisions affecting him. Further, our more extensive appellate review of sentences under the Guidelines requires that we know the facts upon which the district judge relies. Because the district court failed to comply with the mandatory provisions of Rule 32(c)(3)(D), the case must be remanded. The court's eventual express findings with regard to either the accuracy of the information or its own reliance should then be reduced to writing and attached to the presentence report. *United States v. Peterman*, 841 F.2d 1474, 1483–84 (10th Cir. 1988); *United States v. Corral*, 823 F.2d 1389, 1394 (10th Cir.1987).

## II

Alvarado next argues that he should have been permitted to examine and rebut information provided to the district court for in camera review in response to his motion for production of exculpatory material. The court denied Alvarado's motion on the ground that the information was not exculpatory and therefore not *Brady* material.

The government urges that production of the material was unnecessary because the court used it only to confirm the accuracy of the summary of the confidential informant's report included in the presentence report, an issue which, as noted above, was not in dispute. While certain material inspected by the court in camera does bear solely on the accuracy of the presentence report's summary of the confidential informant's report, other material provides addi-

tional inculpatory information about Alvarado's role in the transaction. Alvarado argues that he was entitled to review and rebut any inculpatory material on which the court intended to rely for his sentencing. It seems clear that the district court did indeed rely on information in the in camera materials in increasing the defendant's base offense level. There is no other apparent source of the court's statement that the seller in the transaction at issue was reluctant to have the transaction in Albuquerque, and that Alvarado was responsible for it occurring there—which facts were relied on by the court to find Alvarado to be a manager subject to the two step increase in offense level.

■ Rule 32(c)(3)(A) requires that the defendant have access to his presentence report, except to the extent that it includes confidential information, or diagnostic information that might be harmful if disclosed. If the court determines that the report includes nondisclosable information, it is required to provide to the defendant a summary of the information not subject to disclosure. Fed.R.Crim.P. 32(c)(3)(B). To serve the purposes of the rule, the summary should be sufficiently specific to allow the defendant to evaluate the information and dispute it, should he so choose. *United States v. Woody*, 567 F.2d 1353, 1361 (5th Cir.1978) ("[D]efendant has a constitutional right to know and to test the accuracy of any statement in the presentence report on which the sentencing judge relies.").

■ The court's decision to consider information produced pursuant to Alvarado's *Brady* request effectively converted the produced material into a sealed appendix to Alvarado's presentence report, access to which was denied Alvarado. It is unclear, however, whether the trial court refused to let Alvarado review the material because of concerns of confidentiality. The court's order denying production of the material does not refer to the confidentiality of the material, only to its inculpatory content.

We note that this case is somewhat unique in that Alvarado was the party who initially requested that the court review the material. However, we think this distinction does not make a difference. When a defendant asks the court to review material he is not entitled to inspect personally for possible *Brady* material, he takes a risk, of course, that the material will make him look worse in the eyes of the court. But it does not follow that the court should be allowed to rely upon the information in sentencing without informing the defendant of its nature. The district court's determination of Alvarado's sentence, based partially on material to which defendant was denied access, conflicts with the law of this circuit requiring that a defendant be permitted to "rebut or explain allegations made in a sentencing proceeding." *United States v. Shepherd*, 739 F.2d 510, 515 (10th Cir.1984). Thus, the district court erred in not providing Alvarado with at least a summary of the in camera material, once the court decided to rely on the information.

Our reasoning in this case is in accord with that of the Ninth Circuit, which stated in a similar case:

> "[F]airness to the defendant in this case requires that he be apprised in detail of the nature of the adverse information on which the court relied in passing sentence. Proper steps can be taken to safeguard the identity of the informant, if that is necessary.... 'A rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process.'"

*United States v. Perri*, 513 F.2d 572, 575 (9th Cir.1975) (quoting *United States v. Weston*, 448 F.2d 626, 634 (9th Cir.1971)); *see also United States v. Wolfson*, 634 F.2d 1217, 1221–22 (9th Cir.1980) (disapproving of sentencing influenced by judge's ex parte communication with prosecutors); *Woody*, 567 F.2d at 1358 n. 8 ("Rule 32(c)(3)(B) mandates summarization of undisclosed portions of the presentence report relied upon in imposing sentence.").

### III

Finally, because it is almost certain to arise on remand, we consider Alvarado's challenge to the district court's decision to

increase his base offense level by two levels because of his role as a manager, supervisor, leader, or organizer of the transaction. United States Sentencing Commission, *Guidelines Manual* § 3B1.1(c). Alvarado appears to maintain that his role as a "broker" of the deal, necessarily precludes a finding that he was also an organizer, because the two roles are mutually exclusive. As noted in sentencing Alvarado, the court justified its increase of the offense level by mentioning that Alvarado had "considerable input into seeing that the transaction in fact occurred [in Albuquerque] instead of elsewhere. I think that the description of him as a broker is accurate and but for his function in that capacity, this transaction may well never have occurred, at least may well never have occurred in Albuquerque where the offense was committed." III R. 16.

■ We will not hold as a matter of law that a broker can never be a manager or organizer of a transaction. *Accord United States v. Barreto*, 871 F.2d 511, 512 (5th Cir.1989). We, therefore, review the district court's decision to classify Alvarado as an organizer under a clearly erroneous standard. 18 U.S.C. § 3742(e); *United States v. Backas*, 901 F.2d 1528, 1529 (10th Cir.1990).

■ Given the facts as found by the district court, that Alvarado was responsible for the location of the transaction, that he recruited and negotiated for the seller, and that the transaction would not have occurred, or would have occurred elsewhere had he not been involved, the district court's holding was not clearly erroneous. Whether the court will make the same decision after Alvarado has an opportunity to respond to the information revealed to him from the presentence report remains to be seen. We do note that the district court retains discretion whether to hold an evidentiary hearing or to rely upon written responses and affidavits that the parties may file. *See* Fed.R.Crim.P. 32(c)(3)(A); *Peterman*, 841 F.2d at 1484.

The case will be REMANDED for resentencing and findings in accordance with this opinion.