UNITED STATES of America,
Plaintiff–Appellee,

v.

Ward Laray PRICE, Defendant–
Appellant.

No. 90–5037.

United States Court of Appeals,
Tenth Circuit.

Sept. 11, 1991.

Michael Gassaway (OBA 3282), Oklahoma City, Okl., for defendant-appellant.

Tony M. Graham, U.S. Atty., and James L. Swartz, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before SEYMOUR, MOORE and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

After this case was set for oral argument, counsel asked that they be excused from oral argument and that the case be submitted on the briefs. After examining the briefs and the appellate record, we have also determined that oral argument would not materially assist the determination of this appeal. The cause is therefore ordered submitted without oral argument. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.

Ward Laray Price and five others were charged in the first count of a two-count indictment with conspiring from August 1, 1988, to July 20, 1989, in Tulsa, Oklahoma in violation of 21 U.S.C. § 846 as follows: (1) to knowingly and intentionally distribute a mixture or substance which contained cocaine base in an amount in excess of fifty grams in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and (2) to knowingly and intentionally possess with an intent to

distribute cocaine in an amount in excess of five hundred grams in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). In a second count Price alone was charged with the possession on July 20, 1989, of one kilogram of cocaine with an intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

Price was tried jointly with four of the other five defendants and the jury convicted Price on both counts. Price was sentenced to life imprisonment on Count 1, and thirty years imprisonment on Count 2, the two sentences to be served concurrently. Price appeals.

On appeal, Price asserts that the district court erred in two particulars: (1) in denying his motions for acquittal under Fed. R.Crim.P. 29 made at the close of the government's case and renewed at the close of all the evidence, and (2) in imposing sentences under the Sentencing Guidelines which violate the Eighth Amendment to the United States Constitution and which did not comply with Fed.R.Crim.P. 32(c)(3)(D).

In view of the nature of the issues raised on appeal, we need not summarize in any detail the evidence adduced at trial. It is sufficient to state that the government's evidence showed that Price headed a conspiracy which distributed massive amounts of crack cocaine in Tulsa, Oklahoma, over an extended period of time. As concerns Count 2, the government's evidence showed that on July 20, 1989, Chris Witt, a police officer in Tulsa, Oklahoma, "sold" Price a kilogram of cocaine and received therefor $6,000. Price was arrested immediately after the exchange with the cocaine in his possession.

Price testified in his own behalf and denied that he was involved in any conspiracy. His claim was that for a period of some two years he was a victim of "police harassment" by the Tulsa police department. As concerns Count 2, Price's defense was entrapment.

At the conclusion of the government's evidence, and at the conclusion of all the evidence, Price moved for a judgment of acquittal on the ground that the government had failed to prove its case. No mention was made of entrapment. However, on appeal, Price's initial argument is that he was entrapped as a matter of law.[1]

Although Price did not make his "entrapment as a matter of law" argument to the district court, he did ask that the jury be instructed on the law of entrapment. The district court agreed and gave the jury an instruction on entrapment to which no objection was made. The jury rejected Price's entrapment defense and convicted him on both counts.

■ Because the jury held, in effect, that as a matter of fact Price was not entrapped into "buying" the kilogram of cocaine from Officer Witt, it would be anomalous for us to now hold that there was entrapment as a matter of law. Be that as it may, our study of the trial record convinces us that there was no entrapment as a matter of law. A court may find entrapment as a matter of law if the evidence satisfying the essential elements of entrapment is "uncontradicted." *United States v. Fadel*, 844 F.2d 1425, 1430 (10th Cir. 1988); *United States v. Ortiz*, 804 F.2d 1161, 1164 (10th Cir.1986). The government's evidence in the instant case does not show governmental "inducement" of an "undisposed person." Officer Witt, posing as a "crooked cop," merely gave Price the "opportunity" to purchase the kilogram of cocaine, and Price most definitely had the requisite "predisposition" to commit the crime. Such being the case, the essential elements of entrapment are contradicted, and the evidence would not permit a finding of entrapment as a matter of law.

■ Price's other argument in this court is that the life sentence he received under the Sentencing Guidelines on Count 1 is excessive and constitutes cruel and unusual punishment prohibited by the Eighth Amendment and that in imposing sentence the district court did not comply with Fed. R.Crim.P. 32(c)(3)(D).

---

1. Price's entrapment argument presumably relates to Count 2 only. He does not argue that his entrapment argument is relevant to Count 1, the conspiracy charge.

Prior to sentencing, a presentence report was prepared, and, as required by Fed. R.Crim.P. 32(c)(3), was given to Price and his counsel. Counsel filed several specific objections to statements contained in the presentence report. The first of his objections was directed to the statement in the presentence report that the "organization was responsible for the distribution of at least seven (7) kilograms of crack cocaine at various locations in the Tulsa area." [2] In response to those objections, the probation officer filed an addendum in which he basically stood by the challenged statements. At sentencing, the district court listened to the statements of counsel and, in effect, overruled the objections and accepted the presentence report.

On appeal, Price complains that the district court did not follow the mandate of Fed.R.Crim.P. 32(c)(3)(D), which provides that if a defendant challenges the factual accuracy of statements contained in the presentence report, the court "shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." That same rule also provides that a written record of such finding or determination shall be appended to the presentence report.

From the record before us it would appear that the district court did not make the findings or determinations required by Fed.R.Crim.P. 32(c)(3)(D). In *United States v. Alvarado*, 909 F.2d 1443, 1445 (10th Cir.1990), decided after sentence was imposed in the instant case, we held that Fed.R.Crim.P. 32(c)(3)(D) requires that when a defendant challenges information in a presentence report, the district court must either make a factual finding regarding the accuracy of the challenged information or expressly state that in imposing sentence he is not taking into consideration the challenged statement. In *Alvarado* we remanded for resentencing and commented that such findings or determinations must be made not only for use by the corrections system, but also so that "we know the facts upon which the district judge relies." *Id.* at 1445.

Price's objections to the presentence report were not perfunctory but were specific. The district court did not comply with Fed.R.Crim.P. 32(c)(3)(D) and its counterpart, U.S.S.G. § 6A1.3.

Judgment of conviction affirmed, but sentence is vacated and case remanded for resentencing.[3]

---

2. The amount of the drug involved bears on the base offense level.

3. Because his sentence has been vacated and remanded, we do not address Price's Eighth Amendment argument. In this regard, however, *see Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Colbert,* 894 F.2d 373 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 2601, 110 L.Ed.2d 281 (1990).