**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WARD LARAY PRICE,

    Defendant-Appellant.

No. 97-5069
(N.D. Okla.)
(D.Ct. No. 96-CV-873-C)

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARK JOEL ANTHONY,

    Defendant-Appellant.

No. 97-5124
(N.D. Okla.)
(D.Ct. No. 97-CV-296)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendants Ward Price and Mark Anthony appeal *pro se* the district court's denial of their 28 U.S.C. § 2255 motions to vacate, set-aside or correct their sentences and denial of their certificates of appealability under 28 U.S.C. § 2253(c). Our jurisdiction is exercised under 28 U.S.C. § 1291. We deny their certificates of appealability and dismiss their appeals.

Messrs. Price and Anthony were tried and convicted together by a jury for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. *United States v. Price*, 996 F.2d 312 (table), Nos. 92-5033, 92-5041, 1993 WL 191841, at *1 (10th Cir. June 4, 1993). Mr. Price was also convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Mr. Price to life imprisonment, and Mr. Anthony to thirty years. On direct appeal, we affirmed their convictions but vacated their sentences and remanded to the district court for resentencing due to procedural errors. *See United States v. Price*, 945 F.2d 331 (10th Cir. 1991); *United States v. Anthony*, 944 F.2d 780 (10th Cir. 1991). The district court resentenced them to terms

originally imposed. Mr. Price and Mr. Anthony again appealed their sentences, and we affirmed in an unpublished opinion. *Price*, 1993 WL 191841, at *1. Subsequently, they filed motions under 28 U.S.C. § 2255 in district court to set aside or correct their sentences. The district court denied their motions without an evidentiary hearing, which leads to the present appeals.[1] More background to these cases can be found in our prior decisions at *Price*, 945 F.2d at 331, and *Anthony*, 944 F.2d at 780.

*Mr. Price's Appeal*

The government moved to dismiss Mr. Price's appeal for lack of jurisdiction, claiming it is time barred and is not supported by a certificate of appealability. The district court's order denying Mr. Price's § 2255 motion was entered on the docket on January 31, 1997. He filed his notice of appeal on April 1, 1997. The government contends Mr. Price's appeal is time barred because Mr. Price filed his notice of appeal outside of the ten-day deadline imposed by Federal Rule of Appellate Procedure 4(b) for criminal appeals. The government's reliance on Rule 4(b) is misplaced. Appeals of 28 U.S.C. § 2255 motions are governed by

---

[1] Mr. Anthony also filed a motion with the district court to reconsider its denial of his § 2255 motion, or in the alternative, issue a certificate of appealability. The district court denied both requests.

Rule 4(a) applicable to civil appeals. *Klink v. United States*, 308 F.2d 775, 776 (10th Cir. 1962). Therefore, Mr. Price had sixty days from January 31, 1997, to file his notice of appeal. Fed. R. App. P. 4(a)(1). Mr. Price's appeal is timely since he filed it within the sixty-day deadline.

The government also claims we lack jurisdiction because a certificate of appealability has not been issued by a "circuit justice" or "judge" pursuant to 28 U.S.C. § 2253(c). Mr. Price has applied for a certificate of appealability with this appeal. While we have no jurisdiction to hear the merits of an appeal if a certificate of appealability has not been granted, we nevertheless have jurisdiction to determine if a certificate of appealability should be granted. *See United States v. Simmonds*, 111 F.3d 737, 740-41 (10th Cir. 1997) (citing to this court's Emergency General Order, In re Procedures Regarding the Prison Litigation Reform Act and the Antiterrorist and Effective Death Penalty Act, No. 96-41 (10th Cir. Oct. 1, 1996)). We may rule on the certificate of appealability and the merits of the appeal at the same time. *Id.* The government's motion to dismiss Mr. Price's appeal is therefore denied.

We now consider whether a certificate of appealability should be granted to assert jurisdiction over Mr. Price's appeal. *See* 28 U.S.C. § 2253(c)(1). A

certificate of appealability may be granted only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In his appeal, Mr. Price claims: (1) his Sixth Amendment right to counsel was violated at sentencing when his attorney failed to object to the court's enhancements for obstruction of justice under United States Sentencing Guideline (U.S.S.G.) § 3C1.1 and for the presence of a weapon under U.S.S.G. § 2D1.1; (2) he is entitled to a new sentencing hearing based on newly developed law in the sentencing guidelines to crack offenders; (3) he is entitled to resentencing because the sentencing guidelines applicable to crack offenders are unconstitutionally vague; and (4) the district court erred in not holding an evidentiary hearing on his § 2255 motion.

In its order denying relief, the district court rejected Mr. Price's ineffective of assistance of counsel claims because Mr. Price failed to show prejudice and his trial and appellate attorneys' performance was deficient. The court denied Mr. Price a new sentencing hearing because the new developed law, Amendment 487 to the United States Sentencing Guidelines, cannot be applied retroactively. Furthermore, the court held even if the Amendment could be applied retroactively, Mr. Price's sentence would be the same. The court dismissed Mr. Price's claim that the sentencing guidelines for crack offenders were

unconstitutionally vague and meaningless since Mr. Price failed to raise the issue in his direct appeals. Finally, the court rejected Mr. Price's request for a hearing as it found the record conclusively showed he was entitled to no relief.

In a § 2255 proceeding, we review the district court's legal rulings *de novo* and its findings of fact under the clearly erroneous standard. *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996).

After our review of the record before us, we conclude Mr. Price has failed to make a substantial showing of the denial of a constitutional right, for substantially the same reasons stated by the district court in its January 31, 1997 order denying Mr. Price relief. A copy of the district court's order is attached. We do add to the district court's order that Amendment 487 cannot be applied retroactively, not only because it is not listed under U.S.S.G. § 1B.10, which authorizes retroactive treatment of only those Guidelines enumerated, but also because the Amendment is substantive. *See United States v. Kissick*, 69 F.3d 1048, 1052-53 (10th Cir. 1995). The district court properly refused to grant an evidentiary hearing, as the motions, files and records of Mr. Price's case conclusively show he is entitled to no relief. *See* 28 U.S.C. § 2255 (stating a hearing not required if the motion, files and records conclusively show the

prisoner is entitled to no relief). As Mr. Price has failed to make a substantial showing of the denial of a constitutional right, we deny his certificate of appealability.

*Mr. Anthony's Appeal*

Mr. Anthony requests a certificate of appealability and appeals the denial of the four ineffective of assistance of counsel claims that he made in his § 2255 motion. He specifically claims that he was denied ineffective assistance of counsel for: (1) his trial attorney's failure to object to gang-related evidence introduced at trial and to the limiting jury instructions on that issue; (2) his trial attorney's failure to object to hearsay evidence and his appellate attorney's failure to raise the issue in Mr. Anthony's appeal; (3) his appellate attorney's failure to effectively argue Mr. Anthony's relevant conduct for purposes of sentencing such that he should have been held accountable only for 28 grams of crack cocaine rather than 500 grams; and (4) his appellate attorney's failure to appeal the sentencing court's two-level sentence enhancement under U.S.S.G. § 3B1.1(c) for a supervisory role. He also claims Amendment 439 to the Guidelines should be applied retroactively to redetermine his relevant conduct and sentence.

As stated above, when reviewing the denial of a § 2255 motion, we review

the district court's legal rulings *de novo* and its factual findings for clear error. *Cox*, 83 F.3d at 338. Ineffective of assistance of counsel claims involve mixed questions of law and fact that we review *de novo*. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997).

To succeed on an ineffective of assistance of counsel claim, Mr. Anthony must show both (1) his attorney's performance was deficient, *i.e.,* that it fell below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) that the deficient performance prejudiced his defense such that, but for the errors, "the result of the proceeding would have been different," *id.* at 687, 694. In determining if the defendant was prejudiced, the court considers the totality of the evidence. *Id.* at 695.

Mr. Anthony first claims his trial attorney was ineffective for failing to object to evidence of gangs introduced at trial. He also claims his attorney failed to challenge the limiting instructions given to the jury as to the gang evidence. The district court denied relief because Mr. Anthony failed to show prejudice. We agree. As the district court found, the gang-related evidence did not unduly prejudice Mr. Anthony as it was not used to establish his guilt or guilt by association for the conspiracy charge at issue. Moreover, the district court found

there was sufficient evidence in the record, without any reference to gangs,[2] supporting Mr. Anthony's drug conspiracy conviction.[3] As Mr. Anthony has failed to provide us with a complete appellate record, including trial transcript, we must defer to the trial court's findings. *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993). Mr. Anthony incorrectly relies on *Huddleston v. United States*, 485 U.S.681 (1988), to argue prejudice is presumed for evidence admitted under Fed. R. Evid. 404(b) (as this evidence was) if the trial court does not specifically determine that: (1) the evidence is admitted for a proper purpose; (2) the evidence is relevant (Fed. R. Evid. 402); (3) the probative value of the evidence is not substantially outweighed by its prejudicial effect (Fed. R. Evid. 403); and (4) the trial court does not instruct the jury that the evidence is to be

---

[2] The gang-related evidence consisted of references during witnesses' testimony to, among other things, "Crips," "Bloods," and "Rip Boys" who "sell dope and beat people up."

[3] The district court cites to evidence used in Mr. Anthony's second appeal, *Anthony*, 944 F.2d at 780, to reject his sufficiency of the evidence claim. Evidence supporting Mr. Anthony's conviction included the testimony of Ms. Suzanne Atkins and her son, Lomas Atkins, that Mr. Anthony distributed cocaine to one of Ms. Atkins' other sons, and testimony of Mr. Willie Junior Louis, a government key witness, that Mr. Anthony was one of the individuals who cut, weighed and bagged crack cocaine, and participated in crack cocaine distribution from Mr. Louis' apartment. *Anthony*, 944 F.2d at 781. Mr. Anthony argues in this appeal that Mr. Louis never identified him as a distributor. However, Mr. Anthony has only provided an excerpt from Mr. Louis' testimony. Without a complete trial transcript in the appellate record, we accept the district court's findings as true. *United States v. Vasquez*, 985 F.2d 491, 494-95 (10th Cir. 1993).

considered only for the limited purpose for which it was admitted. *Huddleston*, as interpreted by this circuit in *United States v. Grissom*, 44 F.3d 1507, 1513 (10th Cir.), *cert. denied*, 514 U.S. 1076 (1995), stands for just the opposite, that a defendant is presumed not to be prejudiced if the court determines those requirements were met. *Id.* at 1513. As nothing in the record requires a presumption of prejudice, and Mr. Anthony has failed to show prejudice, Mr. Anthony did not receive ineffective assistance of counsel.

The trial court gave a limiting instruction to the jury to consider the gang evidence for only the limited purpose of showing "guilty knowledge, intent, plan and lack of mistake or accident, if any" and not to consider the evidence as proof that the defendant is guilty of the offenses charged. This instruction clearly limits the jury's consideration of the gang-related evidence to issues other than Mr. Anthony's guilt or innocence as to conspiracy crime at issue.[4] Moreover, Mr. Anthony has not shown he was prejudiced by the jury instructions.

---

[4] Contrary to Mr. Anthony's assertion, the limiting jury instruction is not "almost word for word identical" to the instruction held to be inadequate in *United States v. Jobson*, 102 F.3d 214, 222 (6th Cir. 1996). The instruction in Mr. Anthony's case listed the purposes for which the gang evidence could be considered by the jury. Even if the instruction was overly broad, we find the error harmless since, as we concluded above, the evidence at trial was sufficient to convict Mr. Anthony, without the gang-related evidence. *See United States v. Oberle*, 136 F.3d 1414, 1419 (10th Cir. 1998) (stating an error is harmless where it does not have a substantial influence on the outcome of the case), *petition for cert. filed*, (U.S. Jun. 29, 1998) (No. 98-5084).

Mr. Anthony next contends he was denied effective assistance of counsel because his trial attorney failed to object to hearsay evidence in violation of Fed. R. Evid. 801(d)(2)(E), and his appellate attorney failed to raise this issue. Mr. Anthony refers to Officer Witt's trial testimony that during a drug deal with Mr. Price, Mr. Price identified Mr. Anthony as one of his "main players." The district court concluded any objection by Mr. Anthony's counsel would have been overruled since the trial court had already determined in a pre-trial hearing that the statement fell within the hearsay exception. The court also ruled Mr. Anthony failed to show prejudice.

Under Fed. R. Evid. 801(d)(2)(E), statements made by a co-conspirator during the course and in furtherance of the conspiracy are admissible as an exception to the hearsay rule. The requirements that the statement be made in the course of and in furtherance of a conspiracy are strictly construed. *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993) (*en banc*). Mr. Anthony claims Mr. Price's statement could not have been made in furtherance of the conspiracy that he was part of since he was in jail when the statement was made. He therefore contends his participation in the conspiracy had ended. The fact Mr. Anthony was in jail does not *per se* mean his participation in the conspiracy ended. *See United States v. Melton*, 131 F.3d 1400, 1405 (10th Cir. 1997). The

district court concluded the trial court found Mr. Price's statement was made during and in furtherance of the conspiracy. Without the complete pretrial and trial transcripts, we defer to the district and trial court's findings on this issue. *Vasquez*, 985 F.2d at 495. In addition, other evidence in the record, besides Mr. Price's statement,[5] was sufficient to show Mr. Anthony's participation in the drug conspiracy at issue. *See Anthony*, 944 F.2d at 781. Hence, Mr Anthony was not prejudiced and therefore did not receive ineffective assistance of counsel.[6]

Mr. Anthony also contends he was denied effective assistance of counsel for his appellate attorney's failure to effectively argue Mr. Anthony's relevant conduct for sentencing. He claims he was improperly held accountable for 500 grams when his relevant conduct should only include 28 grams of crack cocaine. In addition Mr. Anthony asserts the district court should have retroactively applied Amendment 439 in his § 2255 motion to overcome a severe substantial unfairness.

---

[5] *See supra* n. 3.

[6] Although Mr. Anthony claims his appellate counsel was ineffective for failing to raise this "deadbang winner," the issue was not a deadbang winner since he was not prejudiced. *See United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995).

Mr. Anthony challenged the district court's finding that he was accountable for the sale of over 500 grams of crack in his second direct appeal to this court. *See Price*, 1993 WL 191841, at *3. In that case, we specifically rejected Mr. Anthony's claim. *Id.* Since this issue was fully addressed on direct appeal, we will not consider it.

Mr. Anthony also believes the district court erred in not applying Amendment 439 to U.S.S.G. § 1B1.3 retroactively because under that Amendment the cocaine base used to determine his relevant conduct would have been less. We disagree. Even if Amendment 439 could have been applied retroactively, we are certain Mr. Anthony's relevant conduct would have been the same. Under Amendment 439, relevant conduct is determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *See* U.S.S.G. § 1B1.3(1)(B), amend. 439. In Mr. Anthony's second appeal, we concluded the trial court's finding that Mr. Anthony could have reasonably foreseen that his co-conspirators would distribute such a large amount of crack cocaine, was not clearly erroneous. *Price*, 1993 WL 191841, at *3. Therefore, Mr. Anthony has not shown any prejudice by the district court not applying Amendment 439 retroactively.

Mr. Anthony's final claim is he was denied effective assistance of counsel by his appellate attorney's failure to appeal the district court's two-level sentence enhancement under U.S.S.G. § 3B1.1(c), for Mr. Anthony's supervisory role in the offense. Mr. Anthony claims there was no evidence supporting the enhancement. Although his trial counsel objected, Mr. Anthony's appellate counsel did not raise the issue. We adopt the district court's conclusion in its denial of the § 2255 motion for substantially the same reasons stated in the district court's order, a copy of which is attached hereto. The sentencing court found by a preponderance of the evidence that Mr. Anthony acted in a supervisory role. The sentencing court's conclusions were based on facts in Mr. Anthony's Presentence Investigation Report revealing Mr. Anthony supervised juvenile runners and the distribution of drugs. In determining a defendant's sentence, the sentencing court may use any evidence which has a "sufficient indicia of reliability to support its probable accuracy." *United States v. Beaulieu*, 893 F.2d 1177, 1179-80 (10th Cir.), *cert. denied*, 497 U.S. 1038 (1990). Based on the evidence we have before us and the information contained in Mr. Anthony's Presentence Investigation Report, the sentencing court could reasonably conclude the information in his Presentence Report was sufficiently reliable. The sentencing court's findings of facts in applying sentencing guidelines must be upheld unless they are clearly erroneous. *United States v. Bauer*, 995 F.2d 182, 182 (10th Cir. 1993). Given

our review of the district court's court's factual findings under this standard, we do not find it unreasonable Mr. Anthony's appellate counsel chose not to object to the supervisory enhancement. Hence Mr. Anthony failed to show his counsel's performance was deficient.

Accordingly, for the above reasons, we deny Mr. Price a certificate of appealability, and **DISMISS** his appeal. We also deny Mr. Anthony's application for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge