**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WARD LARAY PRICE,

Defendant - Appellant.

No. 08-5048

(N.D. Oklahoma)

(D.C. No. 4:89-CR-00091-HDC-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

In 1989, Ward Laray Price was convicted of conspiracy to distribute

cocaine base (Count 1) and possession of cocaine with intent to distribute (Count

2). *United States v. Price* (*Price I*), 945 F.2d 331, 331-32 (10th Cir. 1991). Price

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

was sentenced under the then-mandatory Sentencing Guidelines to life imprisonment on Count 1 and thirty years' imprisonment on Count 2, with the sentences to run concurrently. *Id.* at 332. Price's sentence was reversed on direct appeal based on a procedural error. *Id.* at 333. On remand, the district court imposed the same sentence, basing it on a Criminal History Category I and a total offense level of forty-four. That sentence was affirmed on appeal. *United States v. Price* (*Price II*), No. 92-5033, 1993 WL 191841, at *4 (10th Cir. June 4, 1993).

On March 10, 2008, Price filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction in his term of imprisonment. Price's motion was based on Amendment 706 which was promulgated by the United States Sentencing Commission on November 1, 2007.[1] Amendment 706 revised the § 2D1.1(c) Drug Quantity Table and, consequently, the guidelines ranges applicable to offenses involving crack cocaine. *See* U.S.S.G. app. C supp., amend. 706; U.S.S.G. § 2D1.1(c) (Supp. May 1, 2008). The district court denied Price's motion, concluding a reduction in his sentence was not authorized under 18 U.S.C. § 3582(c)(2) because Amendment 706 does not have the effect of lowering his applicable guideline range. *See* 18 U.S.C. § 3582(c)(2) (providing a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1]Amendment 706 was made retroactive by Amendment 713. *See* U.S.S.G. app. C, amend. 713 (Supp. May 1, 2008).

lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Price then brought this appeal.

This court reviews a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). When a district court's decision involves a legal interpretation, however, the review is de novo. *United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008). Here, the district court concluded Amendment 706 was inapplicable because it did not lower Price's applicable guidelines range. *See* 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008) (providing a reduction in a defendant's sentence is not authorized pursuant to § 3582(c)(2) if the applicable guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range"). The district court reasoned that "the sentencing Court found [Price] conspired to distribute in excess of seven kilograms of crack cocaine" and the base offense level for seven kilograms of crack was unchanged by Amendment 706.

Price argues Amendment 706 had the effect of lowering his base offense level from thirty-six to thirty-four, consequently reducing his applicable guidelines range from life imprisonment to 360 months to life. As support for this argument, Price correctly identifies an error in the district court's

analysis—when he was sentenced in 1992, the court did not find that he conspired to distribute seven kilograms of cocaine base.

Although the Presentence Investigation Report states that Price distributed seven kilograms of cocaine base, the finding made at his 1992 sentencing was only that Price had distributed in excess of 500 grams of crack. *Price II*, 1993 WL 191841, at *1. That finding was based on the following argument made by the government:

> I know there has been a lot of objections to the amount and the finding by the presentence report of seven kilos. Well, it's not important that Your Honor find that there was seven kilos, only that you find that there was evidence in the record of over 500 grams, and that is a conservative viewpoint, but that is the view point the government is adopting in this case, Judge. I'm not saying there wasn't evidence of seven kilos, we think that is also satisfied here if you multiply it out, but certainly from Ward Price's own mouth on two occasions, we have evidence of over 500 grams.

The court then made the following finding: "The transcript at trial clearly demonstrates, and the court believes that it is reliable that the amount exceeded the 500 grams, and therefore *the court so finds that it did in fact so exceed the 500 grams*." (emphasis added). When Price challenged the finding on direct appeal, this court interpreted the district court's ruling the same way Price does in this appeal. We concluded the court did not clearly err "in finding by a preponderance of the evidence that Mr. Price and his co-conspirators distributed in excess of 500 grams of crack cocaine." *Id*.

Pursuant to the Drug Quantity Table, as revised by Amendment 706, offenses involving 500 grams of cocaine base are assigned a base offense level of thirty-four, two levels lower than the base offense level of thirty-six used to determine Price's applicable guidelines range at his sentencing. *See* U.S.S.G. § 2D1.1(c)(3) (Supp. May 1, 2008). Thus, Price is correct that Amendment 706 has the effect of lowering his applicable guidelines range to 360 months to life. The district court erred when it concluded otherwise, leading to the court's failure to exercise its discretion under § 3582(c)(2).

The government makes two arguments in defense of the district court's ruling. First, the government asserts the district court's conclusion that Price's applicable guidelines range was unchanged by Amendment 706 was based on a new finding that Price was responsible for seven kilograms of cocaine base.[2] The government also argues the district court did not abuse its discretion even if Amendment 706 reduced Price's base offense level because the court's conclusion that Price's conduct involved seven kilograms of cocaine, rather than the 500 grams determined by the court at the 1992 sentencing, provided an ample basis to deny Price's motion. *See United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994) (stating a court's power under § 3582(c)(2) is discretionary and a defendant "is not entitled to an automatic reduction").

---

[2]The government has not identified any support for the proposition that a district court considering a § 3582(c)(2) motion can make factual findings that differ from the findings made by the sentencing court.

The problem with both of the government's arguments is that they mischaracterize the district court's ruling. The court did not make any new factual findings or draw new conclusions about the quantity of drugs involved in the conspiracy. Instead, it simply stated, "The sentencing Court found [Price] conspired to distribute in excess of seven kilograms of crack cocaine." Thus, the court's decision was based on its erroneous conclusion that *the sentencing court* found the conspiracy in which Price participated was responsible for distributing at least seven kilograms of crack cocaine, not a new determination the conspiracy distributed seven kilograms. The government's arguments fail because they are premised on the erroneous position that the district court determined Price's offense of conviction involved seven kilograms of cocaine base.

Because the district court's error led to its failure to exercise the discretion granted it under § 3582(c)(2), we **reverse** the order denying Price's Motion to Modify Term of Imprisonment and **remand** for further proceedings not inconsistent with this opinion.[3] We **deny** Price's request for appointment of counsel to represent him on appeal as moot.[4]

---

[3]Our disposition of this appeal renders it unnecessary to consider Price's argument that the district court erred by not applying *United States v. Booker*, 543 U.S. 220 (2005) when it considered his § 3582(c)(2) motion. *See United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007) (holding that when a defendant's sentence qualifies for reconsideration pursuant to § 3582(c)(2), the resentencing must be conducted in conformity with *Booker*).

[4]Because the issue is not before us, we express no opinion on whether the
(continued...)

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[4](...continued)
district court must appoint counsel for Price on remand. *See United States v. Robinson*, No. 08-10424, 2008 WL 4150128, at \*5 (5th Cir. Sept. 10, 2008) (discussing the constitutional and statutory questions involved in the issue and then appointing counsel "in the interest of justice"); *see also United States v. Olden*, No. 08-5060, 2008 WL 4596336, at \*3 (10th Cir. Oct. 15, 2008) (unpublished disposition) (concluding there is no constitutional right to counsel for the purpose of bringing a § 3582(c)(2) motion).