FILED
United States Court of Appeals
Tenth Circuit

October 15, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WARD LARAY PRICE,

Defendant - Appellant.

No. 09-5041
(D.C. No. 89-CR-00091-TCK-1)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant Ward Laray Price appeals from the district court's

order denying in part his motion for a reduced sentence pursuant to 18 U.S.C.

§ 3582(c)(2). Mr. Price's appointed appellate counsel filed a brief pursuant to

Anders v. California, 386 U.S. 738, 744 (1967), and moved to withdraw. We

forwarded a copy of the Anders brief to Mr. Price. He filed two responses, which

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

we considered fully.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  For the reasons set forth below, we dismiss the appeal and grant counsel's motion to withdraw.

In 1989, a jury convicted Mr. Price of a multiple objective conspiracy in violation of 21 U.S.C. § 846, specifically conspiring (1) to distribute 50 grams or more of a mixture or substance containing cocaine base (crack),[1] and (2) to possess with an intent to distribute more than five hundred grams of cocaine (powder cocaine)[2] (together, Count 1).  See United States v. Price (Price I), 945 F.2d 331, 331-32 (10th Cir. 1991).   On a second count, the same jury found Mr. Price guilty of possession of one kilogram of cocaine with intent to distribute (Count 2).[3]  Id. at 332.  He was sentenced to life imprisonment on Count 1, and 30 years on Count 2 to run concurrently.  Id.  On direct appeal, the sentence was reversed because the district court did not rule on various objections to the factual accuracy of the presentence report.  Id. at 333.  On remand, the district court imposed the same sentence based upon an offense level of 44 and criminal history category of I and the Tenth Circuit affirmed the sentence.  See United States v. Price (Price II), No. 92-5033, 1993 WL 191841 at *1 (10th Cir. June 4, 1993) (unpublished).

---

[1]This violated 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(iii).

[2]This violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

[3]This violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

Subsequently, the United States Sentencing Commission reduced the offense level applicable to most crack cocaine offenses by two levels. See U.S. Sentencing Guidelines Manual app. C, amend. 706 (Supp. May 1, 2008) (revising crack cocaine guidelines); U.S. Sentencing Guidelines Manual app. C, amend. 713 (Supp. May 1, 2008) (making Amendment 706 retroactive). Mr. Price then moved for modification of his Count 1 sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion after finding that the applicable amendment had not lowered the guideline range given the drug quantity involved, and we reversed. See United States v. Price (Price V), 298 F. App'x 779, 780 (10th Cir. 2008) (unpublished). Mr. Price filed another motion requesting modification, counsel was appointed, and the district court modified Mr. Price's sentence on Count 1 from life to 360 months, the lowest end of the amended sentencing range. Id. at 782; United States v. Price, No. 89-CR-0091-001-TCK, 2009 WL 909633 at *1 (N.D. Okla. Mar. 30, 2009). Mr. Price unsuccessfully sought further modification of his Count 1 sentence "to establish a lesser guideline range based on powder as opposed to crack cocaine." Price, 2009 WL 909633 at *2.

Mr. Price appeals, claiming that the jury was not adequately instructed that it had to find cocaine base in order to return a guilty verdict on Count 1, and therefore he should be sentenced on the basis of the most lenient alternative. Mr. Price's appointed appellate counsel filed an Anders brief, suggesting that no

-3-

meritorious issues existed for appeal because of the limited nature of proceedings under § 3582(c)(2) and U.S.S.G. § 1B1.10, and moved to withdraw. Anders Br. at 6-7. The government declined to respond. On June 9, 2009, we informed Mr. Price that he could respond to his counsel's brief. See 10th Cir. R. 46.4(B)(2).

Mr. Price argues that the district court should have applied the lower sentencing guidelines for powder cocaine. Aplt. Response to Tenth Circuit Court of Appeals Letter at 2-3 ("Aplt. Resp. Br."); Aplt. Response to Government's Notice at 1 ("Aplt. Reply Br."). He claims that his sentence "could only be based on the most lenient of the two" Count 1 crack and powder cocaine sentences "because the jury was not instructed that it had to find guilt of the [crack] cocaine base in order to return a guilty verdict." Aplt. Resp. Br. at 2. Mr. Price argues that the district court compounded this error by modifying his original sentence without correcting it. Aplt. Resp. Br. at 5. Mr. Price's "original life sentence exceeds the maximum that the statute permits for a Cocaine [powder-]only conspiracy." Aplt. Reply Br. at 1.

18 U.S.C. § 3582(c)(2) requires that any reduction of the term of imprisonment be consistent with the Sentencing Commission's policy statements. U.S.S.G. § 1B1.10 instructs the sentencing judge to apply only the amended guideline and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence

-4-

under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007).

The district court found no ambiguity in Count 1 triggering lenity. Our remand order, and prior trial court decisions, established Mr. Price's drug quantity at 500 or more grams of cocaine base (crack). Price, 2009 WL 909633 at *2 (citing Price V, 298 F. App'x at 781). Therefore, the district court did not err in sentencing Mr. Price on Count 1. Price V, 298 F. App'x at 781.

In any event, the district court correctly determined that it lacked authority under § 3582 to modify Mr. Price's sentence based upon anything other than the amended guideline. Price, 2009 WL 909633 at *2 (citing United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008), cert. denied, 129 S.Ct. 2052 (2009)). See also United States v. Williams, 575 F.3d 1075, 1077, 1079 (2009) (reaffirming Rhodes). After modifying Mr. Price's sentence based upon the amended sentencing guideline, the district court lacked the power to review his other claim.

In Anders, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court a brief addressing "anything in the record that might arguably support the appeal." Id. When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United

States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).  If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal.  Anders, 386 U.S. at 744.

After reviewing the record, we agree with counsel's assessment that no meritorious issues exist on appeal.  Mr. Price cannot attack the procedural or substantive reasonableness of his amended sentence because, within its power, the district court granted his motion for modification and sentenced him within the amended guideline range.  See United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).  Nor does Mr. Price have a right to modification under Booker or its progeny.  See United States v. Rhodes, 549 F.3d 833, 839-40 (10th Cir. 2008); United States v. Price (Price IV), 438 F.3d 1005, 1007 (10th Cir. 2006).

We therefore DISMISS Mr. Price's appeal. We GRANT counsel's motion for leave to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-6-