**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL BUSTAMANTE-CONCHAS,

    Defendant - Appellant.

No. 17-2100
(D.C. No. 1:13-CR-02028-JAP-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Miguel Bustamante-Conchas appeals his 216-month concurrent sentences, imposed on remand, for conspiring to distribute and possessing with intent to distribute one kilogram or more of heroin. He argues that the district court plainly erred by considering at sentencing the presentence reports (PSRs) of co-defendants and co-conspirators without giving him prior notice and an opportunity to respond. Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

The factual background for this case is thoroughly recounted in this court's prior opinions. *See United States v. Bustamante-Conchas*, 832 F.3d 1179 (10th Cir. 2016) (*Bustamante-Conchas I*), *rev'd on reh'g en banc*, 850 F.3d 1130 (10th Cir. 2017) (*Bustamante-Conchas II*). We repeat only those facts necessary for an understanding of the limited issues before us.

Bustamante-Conchas and Baltazar Granados ran a heroin trafficking operation in the Albuquerque, New Mexico, area. The heroin was supplied by Joel Nunez-Haros and Pablo Felix Sicairos, among others. Bustamante-Conchas allowed those two men to use homes he owned and rented in Albuquerque to store heroin, cash, and drug-related items.

When the group was arrested in 2013, police found over two hundred grams of heroin in Bustamante-Conchas's homes and almost ten kilograms of heroin in Granados's home and a residence rented by Granados's wife at Bustamante-Conchas's direction. Additionally, inside Granados's home, the police found a Glock pistol. According to an investigator, Granados's wife said that Granados told her that Bustamante-Conchas supplied the gun for protection against a former trafficking partner.

A jury found Bustamante-Conchas guilty of conspiring to distribute and possessing with intent to distribute one kilogram or more of heroin. At sentencing, the district court attributed 12.84 kilograms of heroin to Bustamante-Conchas, and it imposed a two-level enhancement for the Glock's possession in connection with the conspiracy. Despite a resulting Guidelines sentencing range of 292 to 365 months' imprisonment, the

2

district court cited Bustamante-Conchas' childhood circumstances and varied downward to a 240-month sentence.

On appeal, Bustamante-Conchas challenged the drug quantity attributed to him, the dangerous-weapon enhancement, and the absence of an opportunity to allocute before sentencing. A divided panel of this court affirmed, with Judge Lucero concurring in part, but dissenting on the allocution issue. *Bustamante-Conchas I*, 832 F.3d at 1186-87. On en banc review limited to the allocution issue, a majority of this court's judges vacated Bustamante-Conchas's sentence and remanded for resentencing. *Bustamante-Conchas II*, 850 F.3d at 1144.

At resentencing, the district judge began by recounting the documents he had reviewed since the initial sentencing, which included the PSRs of four co-defendants (Granados, Angel Miramontes-Cruz, Ramon Cabrales-Guerra, and Ruben Garcia-Miranda) and two separately charged co-conspirators (Sicairos and Nunez-Haros), all of whom the judge had previously sentenced. After hearing Bustamante-Conchas's allocution, the judge adopted his earlier findings in support of the gun enhancement and drug quantity, and he determined after recounting the scope of Bustamante-Conchas's criminal activity that the Guideline range would remain 292 to 365 months. After reiterating his consideration of the co-defendants' and co-conspirators' PSRs, and finding that Bustamante-Conchas's allocution was sincere and contrite, the judge selected a sentence of 216 months' imprisonment. At no point did Bustamante-Conchas object to the judge's consideration of the third-party PSRs.

3

Bustamante-Conchas now appeals, arguing that the district court plainly erred by considering those PSRs without giving him advance notice and an opportunity to respond.

## DISCUSSION

Where, as here, an appellant raises an argument that he forfeited below by not objecting, *see, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011), the argument must be reviewed under the "rigorous plain-error standard," *United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012).[1] Under that standard, the appellant "must persuade us that there is (1) error, (2) that is plain, which (3) affects [his] substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rios-Morales*, 878 F.3d 978, 987 (10th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 2018 WL 1610267 (U.S. Apr. 30, 2018).

---

[1] Bustamante-Conchas invokes the exception to plain-error review for a sentencing court "error that the defendant cannot be expected to anticipate," *United States v. Martinez-Barragan*, 545 F.3d 894, 899 (10th Cir. 2008). He argues that "[n]othing in the record suggests that Mr. Bustamante should have been prepared for the district court's *sua sponte* reliance at resentencing on confidential, third-party PSRs - sources of information presumed to be inaccessible to the defendant and that he would have no opportunity to rebut." Aplt. Opening Br. at 28. Even assuming the continued viability of the unforeseeable-error doctrine, *see Martinez-Barragan*, 545 F.3d at 899 n.1, Bustamante-Conchas has not shown it applies here. In particular, the district judge announced at the outset of the sentencing hearing and before pronouncing sentence that he had considered the third-party PSRs. Despite this notice and opportunities to address the consideration of those PSRs, Bustamante-Conchas neither mentioned them nor requested a continuance to rebut them. Under these circumstances, any error in the district judge sentencing Bustamante-Conchas after considering third-party PSRs was not unforeseeable.

4

## I. Error

Bustamante-Conchas contends that the district court's "reliance on the co-defendant and co-conspirator PSRs without allowing [him] to challenge them" violated two provisions in the Rules of Criminal Procedure. Aplt. Opening Br. at 33. First, he points to Rule 32(i)(1)(B), which requires a sentencing court to give "the defendant and an attorney for the government a written summary of--or summarize in camera--any information excluded from the presentence report under Rule 32(d)(3)[2] on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information." Fed. R. Crim. P. 32(i)(1)(B). This provision "obligates the district court to provide the parties advance access to information on which it will rely in sentencing" in order to "safeguard against . . . sentencing based on evidence that the parties have not had reasonable notice of and opportunity to address." *United States v. Rakes*, 510 F.3d 1280, 1286 (10th Cir. 2007) (internal quotation marks omitted).

Next, Bustamante-Conchas cites Rule 32(i)(1)(C), which requires a sentencing court to "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). This provision ensures that a defendant's sentence is subjected to "thorough adversarial testing." *United States v. Angel-Guzman*, 506 F.3d 1007, 1016 (10th Cir. 2007) (internal quotation marks omitted).

---

[2] PSRs may not reveal: "any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program"; "any sources of information obtained upon a promise of confidentiality"; and "any other information that, if disclosed, might result in physical or other harm to the defendant or others." Fed. R. Crim. P. 32(d)(3).

Despite these Rule 32 directives, the government maintains there was no error because "the district court never stated that it went a step beyond reviewing and actually relied on the third-party [PSRs] to reach different conclusions about the contested issues than the court would have reached without reviewing those reports." Aplee. Br. at 14. True, the district judge did not say he "relied" on the third-party PSRs. Rather, at the hearing's outset, after listing the documents he had reviewed for sentencing, which included Bustamante-Conchas's own PSR as well as the third-party PSRs, the district judge asked the parties whether there were "any other written materials that [he] should *consider*." R., Vol. III at 40 (emphasis added). And before announcing sentence, the district judge said that "in reviewing the[ ] [third-party] plea agreements and [PSRs]," he became convinced that "[i]f those defendants had chosen to go to trial, likely they would have ended up with sentences much closer to what is being imposed on . . . Bustamante-Conchas." *Id.* at 91. Thus, the record clearly indicates that the district judge relied on the third-party PSRs in sentencing Bustamante-Conchas.

Mere reliance, however, is not Bustamante-Conchas's complaint. His claimed error is reliance *without* prior notice and a reasonable opportunity to respond. The problem with this claim, however, is, as we mentioned earlier, that the district judge announced his consideration of the third-party PSRs at the beginning of the sentencing hearing. And throughout the hearing, Bustamante-Conchas had opportunities to address the consideration of those PSRs. Granted, without knowing the content of those PSRs, Bustamante-Conchas might have been at a disadvantage in fashioning a response. *See United States v. Berzon*, 941 F.2d 8, 21 (1st Cir. 1991) ("[N]otwithstanding the wide

6

scope of the sentencing court's discretion, a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court."). But given that the district judge had already sentenced Bustamante-Conchas's co-defendants and co-conspirators, it should have come as no surprise to Bustamante-Conchas that the judge had, at one time or another, reviewed the third-party PSRs. Moreover, regardless of when that review took place, the district judge rendered the same findings of fact from the original sentencing proceeding regarding drug quantity and firearm possession (which this court had affirmed in *Bustamante-Conchas I*), with the same resulting sentencing range. And then, the district judge gave Bustamante-Conchas one more opportunity to argue for an "appropriate sentence." R., Vol. III at 82. Under these circumstances, we fail to see how Bustamante-Conchas was denied an opportunity "to rebut or explain allegations made in a sentencing proceeding," *United States v. Alvarado*, 909 F.2d 1443, 1446 (10th Cir. 1990) (internal quotation marks omitted).

## II. Plain Error

Assuming for the sake of argument that the district court failed to give Bustamante-Conchas sufficient notice of, and opportunity to address, its consideration of third-party PSRs, we now turn to whether that error was plain. An error is plain if it "is contrary to well-settled law." *United States v. Smith*, 815 F.3d 671, 675 (10th Cir. 2016) (internal quotation marks omitted). In order "to characterize a proposition of law as

7

well-settled, we normally require precedent directly [o]n point from the Supreme Court or our circuit or a consensus in the other circuits." *Id.*

Bustamante-Conchas does not identify a case where, as here, the district court resentenced a defendant after (1) announcing it had reviewed the PSRs of co-defendants and co-conspirators who the court had already sentenced, and (2) adopting the same findings of fact made at the original sentencing. Instead, Bustamante-Conchas cites *Alvarado*, where the district court sentenced a defendant based on materials reviewed in camera that "confirm[ed] the accuracy of the summary of [a] confidential informant's report included in the [defendant's PSR]" and supplied "additional inculpatory information about [the defendant's] role in the [drug-trafficking]." 909 F.2d at 1445-46. Because the district court relied on the materials without giving the defendant at least a summary of them, it violated "the law of this circuit requiring that a defendant be permitted to rebut or explain allegations made in a sentencing proceeding." *Id.* at 1446 (internal quotation marks omitted).

We do not find *Alvarado* sufficiently on point to render the assumed error in Bustamante-Conchas's sentencing plain. Here, the judge's consideration of information in previously sentenced co-defendants' and co-conspirators' PSRs—which did not alter relevant sentencing findings—makes this case unique. And while the absence of precedent directly on point is not determinative if the error is clear and obvious from another source, such as a statute or procedural rule, *see United States v. Powell*, 767 F.3d 1026, 1035 (10th Cir. 2014), we cannot so characterize the assumed error based on Rule 32's language. Specifically, Rule 32(i)(1)(B) does not appear to cover a sentencing

8

court's consideration of third-party PSRs, given that the rule applies to material, which if revealed, might disrupt a rehabilitation program, result in physical harm, or identify an information source that was obtained upon a promise of confidentiality. And while Rule 32(i)(1)(C) affords a general opportunity to "comment on . . . matters relating to an appropriate sentence," Fed. R. Crim. P. 32(i)(1)(C), the circumstances in this case do not indicate that this prescription was clearly and obviously violated.

## CONCLUSION

We affirm Bustamante-Conchas's sentence.

Entered for the Court


Gregory A. Phillips
Circuit Judge